IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES                                                                    PLAINTIFF/RESPONDENT

V.                          No. 12-CR-50074
                            No. 14-CV-05099

BRETT MADDOX                                                                     DEFENDANT/PETITIONER

### Magistrate Judge's Report and Recommendation

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. Section 2255 (ECF No. 36) filed March 24, 2014. The United States of America filed a Response (ECF No. 40) on April 24, 2014. The Petitioner filed a Reply (ECF No. 41) on May 8, 2014.

The Defendant has also filed a Motion to Supplement (ECF No. 39) on April 14, 2014 and the Motion to Supplement is GRANTED.

The matter was reassigned to the under signed on January 26, 2015 and is now ready for a report and recommendation.

### I. Background

On October 11, 2012, an indictment was returned by the grand jury in the Western District of Arkansas charging Brett Maddox for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). (ECF No.1). On November 21, 2012, Maddox filed a motion to suppress all evidence seized as a result of the traffic stop asserting that the officer lacked an objectively reasonable basis for the stop. (ECF No.12). The United States responded to the motion on November 29, 2012 arguing that the stop was supported by probable

cause and reasonable suspicion. (ECF No.14). On December 13, 2012, a suppression hearing on the traffic stop of Maddox was held before the Honorable Jimm Larry Hendren. (Supp. Tr.1). At the suppression hearing, Officer Potter testified that he stopped Maddox because he believed Maddox had committed the offense of careless driving by crossing a double-yellow line in entering a dedicated left turn lane. The Government also presented the video recording of Maddox's turn from Officer Potter's dashboard camera.

On January 3, 2013, the district court denied the motion in a written order and entered findings determining that the traffic stop of Maddox's vehicle was not objectively unreasonable (ECF No.16). On January 29, 2013, pursuant to a written plea agreement, Maddox entered a conditional guilty plea to count one. (ECF No.17). On May 13, 2013, Maddox was sentenced to 96 months imprisonment. (ECF No.22).

On May 28, 2013, Maddox timely appealed the denial of his motion to suppress. (ECF No. 22). The Eighth Circuit affirmed the district court's denial of Maddox's motion suppress and found that the district court did not clearly err in crediting the officer's testimony in finding he had an objectively reasonable belief that Maddox violated the Arkansas careless driving statute when performing the traffic stop. *United States v. Maddox*, 2014 WL 67744 (8th Cir. Jan. 9, 2014)(unpublished).

On March 24, 2014, Maddox filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No.36) arguing that his trial counsel was ineffective for failure to assert 4th Amendment claims concerning the search of his person. (Id., p. 4).

## II. Discussion

**A. Ineffective Assistance of Counsel- Deficient Performance**

The Sixth Amendment of the Constitution of the United States affords a criminal defendant with the right to assistance of counsel. *U.S. Const. amend. VI.* The Supreme Court "has recognized that 'the right to counsel is the right to effective assistance of counsel.' " *Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (citing *McMann v. Richardson*, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)).

A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255.  *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000);  2254. *Cox v. Wyrick,*  642 F.2d 222, 226 (C.A.Mo., 1981) To establish a claim of ineffective assistance of counsel, the Defendant must satisfy the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

First, under the "deficient performance" component, he must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. That showing can be made by demonstrating that counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(internal citations omitted.

The Defendant raises four grounds for IAC all pertaining to the failure to argue that the subsequent search of his person after the traffic stop was illegal and that his attorney was ineffective for failing to attempt to suppress the evidence on the asserted grounds.

**1. Pat down search for weapons:** (ECF No. 36-1, p. 4)

The Defendant argues that there was no basis to pat him down for weapons and that his attorney was ineffective for failing to raise the issue.

Officer Potter testified that he was assisting a narcotics unit on the night of the stop and that the unit had observed the Defendant pull into the home under surveillance, stayed for 3-5 minutes and departed. Officer Potter stopped the Defendant a short time later at 12:20 am on a traffic violation. The Defendant was stopped in an area where there had been shooting previously. (ECF No. 31, p. 6-7).

Officer Potter's traffic stop is set forth in is report and attached at Defendant's Exhibit D to his Motion to Supplement. (ECF No. 39-5). In this case the traffic violation was crossing a double yellow line to make a turn. "Any traffic violation, however minor, provides probable cause for a traffic stop." *Adler*, 590 F.3d at 583 (quoting *United States v. Bloomfield*, 40 F.3d 910, 915 (8th Cir. 1994) (en banc)). This is true "even if the officer would have ignored the violation but for a suspicion that greater crimes [were] afoot." *United States v. Pena-Ponce*, 588 F.3d 579, 583 (8th Cir. 2009) *(quoting United States v. Luna*, 368 F.3d 876, 878 (8th Cir. 2004)). The 8th circuit has previously upheld the District Court's ruling that the traffic stop was valid. (ECF No. 35-1).

In his report the officer states that he decided to ultimately remove the Defendant from the vehicle because:

- Leaving a high crime area.
- Mr. Maddox was driving someone else's vehicle.
- He was very nervous; uncontrollable shaking, retrieved money instead of driver's license,
-could not locate insurance, constant smoking.
- Mr. Maddox lied about his travel that evening.
- He changed his story when I caught him in his lie.
- He had previously been convicted for drug and gun charges.
- He gave a very indirect answer concerning his charges and why he was on

parole.

-I noticed drug paraphernalia in plain view.

The report goes on to state that the officer was concerned for his safety as follows:

> I asked Mr. Maddox to step out of his car so I could speak with him and try to identify why he was so nervous and determine if he might be impaired. He asked, "why?" I told him that I wanted to have him perform a quick test to make sure he hadn't been drinking and driving. Based on the time of night and Mr. Maddox's driving infraction, I felt that he might be impaired. He refused to get out of the car and immediately said, " I'm not going to let you search the car." I never mentioned anything about searching anything. I continued to be nice to him ask him to get out. I was worried at that point because of his history, the fact that his car was still running and he was beginning to move his hands around. When he began to slide his hand down the front of his seat, I opened his door and demanded that he get out of the car. I was still polite but made it clear that I was not giving him an option. I felt that I could have forcibly removed him from the car at that point and arrested him for obstructing a governmental operation, but I was worried that he might be armed. If I would have physically removed him from the car he could have easily shot me, stabbed me, or dragged me with the car as he fled.

The Defendant got out of the car and the officer asked permission to search the Defendant but he refused. The report then states that:

> I asked him if he had any weapons on him and he said he didn't. Mr. Maddox reached into his right front pocket, pulled out his keys and said that was all he had. I again asked him if he had anything that he could hurt me with. He began reaching into his pockets repeatedly; very quickly, he managed to reach into nearly all his pockets. I told him that I would like to pat down the outside of his cloths for weapons. Mr. Maddox did not verbally agree, but turned around and raised his arms. As I got close to his person and began to feel around his waist band, I noticed the distinct odor of green marijuana. As I felt down the right side of his body, Mr. Maddox quickly dropped his left hand and put it in his pocket. At about the same time, I felt a large bulge in his

> watch pocket.
>
> When I felt the bulge, it was apparent to me that it was a package of marijuana. I was quickly able to identify it based on the feeling of a plastic baggie against denim, the odor of green marijuana coming from Mr. Maddox, the size of the bulge and where it was located. In my experience as an officer, I have learned that the watch pocket is a very common place to conceal narcotics. After I had felt the bulge, Mr. Maddox reached down with his right hand and attempted to reach into the pocket I knew that he knew I had located the contraband. I arrested Mr. Maddox for possession immediately.

Suspicious behavior by a passenger during a traffic stop may reasonably warrant a pat-down of the individual. *See U.S. v. Davis* 457 F.3d 817, 822 (C.A.8 (Neb.),2006) citing *United States v. Moorefield*, 111 F.3d 10, 13–14 (3d Cir.1997) (collecting cases); see also *United States v. Malone, 49 F.3d 393, 397 (8th Cir.1995); United States v. Woodall, 938* F.2d 834, 837 (8th Cir.1991).

To argue that the Defendant's behavior was not "suspicious" would have been without merit and the Defendant acknowledges that he was "under the influence of a drug that its common symptom is nervousness and fidgeting." (ECF No. 40-2, p. 1). His behavior, coupled with all of the other facts, as noted above, that the officer had in his possession would have justified a pat down of the Defendant. It cannot be ineffective assistance not to raise a meritless argument. *Larson v. U.S.* 905 F.2d 218, 219 (C.A.8 (Minn.),1990). Mr. Schisler felt the argument was meritless and opted to pursue what he felt was the best strategic course and argue the one point that he felt he had a chance to win. Mr. Schisler discussed this strategy with the Defendant and in his "Affidavit" the Defendant admits his attorney discussed this strategy with him:

> I informed him of what I wanted to fight in my case "refusal of consent to search, the lack of probable cause for pat-down". In his response he advised that the only thing that had merit for argument would have been to challenge the validity of the traffic stop itself, due to the "Terry Frisk Law" (Terry v. Ohio). Immediately I didn't want to let my original argument go, but I went against my own judgement relying on the fact that counsel had reportedly told me that he had been practicing for almost 30 years. (ECF No. 39-1, pp. 2-3)

"[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *U.S. v. Rice*, 449 F.3d 887 at 897 (*quoting Strickland*, 466 U.S. at 690, 104 S.Ct. 2052). See also *Francis v. Miller*, 557 F.3d 894 (8th Cir. 2009) (trial strategy decision, if reasonable at the time, cannot support ineffective assistance claim even if, in hindsight, better choices could have been made). Because of the Defendant's suspicious behavior, and the other attendant facts in the Defendant's case the officer was clearly justified in a pat down search of the Defendant and Mr. Schisler's decision to not raise that argument before the court was a justified trial strategy.

**2. Refusal to submit to search:** (ECF No. 36-1, p. 4-5)

The Defendant argues that it was error for his attorney to argue that his "refusal" to consent to a search justified the officer's pat down search that revealed drugs on his person. The officer's report confirms that the Defendant stated that he was not going to let them search his car and when he got out of the car he refused to give consent to search his person. (ECF No. 39-4, p.3).

As stated above the officer had ample evidence for a pat down of the Defendant after he got out of the car and his consent was not required.

**3. Movant was compelled to give consent**. (ECF No. 36-1, p. 5-6)

The Defendant seems to argue, paradoxically, that he was "compelled to give consent and to comply with each request by officer" because of their language and tone of voice. The Defendant cites *U.S. v. White*, 81 F3d 775 (1996) which did deal with a lawful traffic stop, the issuance of a traffic warning ticket, and then a dispute on whether White gave "consent" to the officer to search his vehicle. The District Court found that White gave consent and that finding was affirmed on appeal. The case has no relevance here because consent was not required for the reasons stated above.

**4. Officer exceeded Terry frisk**. (ECF No. 36-1, p. 6-7).

The Defendant contends the scope of the "Terry Frisk" was excessive and cites *Minnesota v. Dickerson*, 508 U.S. 366 at 378 in support of his proposition. The Supreme Court in the Dickerson case stated that "the court below determined that the incriminating character of the object was not immediately apparent to him. Rather, the officer determined that the item was contraband only after conducting a further search, one not authorized by Terry or by any other exception to the warrant requirement." That is not the fact of this case because the officer's report states that "When I felt the bulge, it was apparent to me that it was a package of marijuana. I was quickly able to identify it based on the feeling of a plastic baggie against denim, the odor of green marijuana coming from Mr. Maddox, the size of the bulge and where it was located. (ECF No. 39-4, p. 4). In addition early in the stop of the Defendant the officer noted "a package of rolling papers and a blunt[1]" and the Defendant had recently left the house of a suspected drug dealer.

---

[1] A cigar that has been hollowed out and filled with marijuana. See http://www.merriam-webster.com/dictionary/blunt

The Terry frisk was justified for the reason stated above and certainly did not reach the limitations of the Dickerson case.

It is clear that the Defendant's attorney was well aware of all of the facts surrounding the Defendant's stop, arrest, and search and that he made an informed decision on how to present his Motion to Suppress to the trial court. Based upon his legal experience and practice he choose to argue that the legality of the search depended on the traffic stop. It was an informed and strategic choice made by the Defendant's attorney.

"[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *U.S. v. Rice*, 449 F.3d 887 at 897 (quoting *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052). *See also Francis v. Miller*, 557 F.3d 894 (8th Cir. 2009) (trial strategy decision, if reasonable at the time, cannot support ineffective assistance claim even if, in hindsight, better choices could have been made).

**B.  Ineffective Assistance of Counsel-Prejudice**

Even if the court were to consider that the Defendant's attorney should have presented argument to the court that the Terry Frisk was unauthorized or excessive the Defendant was not prejudiced.

Under the "prejudice" component of Strickland, the Defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668 at 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See also, i.e. *United States v Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005)(post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient

but also that such deficient performance prejudiced his defense).

To satisfy this "prejudice" prong of Strickland, Defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome." *U.S. v. Rice*, 449 F.3d 887 at 897 (internal quotations omitted). Thus, it is not sufficient for a defendant to show that the error had some "conceivable effect" on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding. *Morales v. Ault*, 476 F.3d 545 (8th Cir.2007) (citing *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir.2004)). Additionally, actual prejudice does not exist where a petitioner, at best, suffers the mere possibility of prejudice. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982); *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir.1996) (mere possibility does not equal actual prejudice). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir.1999).

Because of the facts stated above the officer had a sound basis for a Terry Frisk of the Defendant, that frisk led to the discovery of drugs and the Defendant's arrest, and ultimately to the discovery of a weapon inside the vehicle he was driving. There is certainly no reasonable probability that the trial court would have suppressed the evidence because of the pat down search by the officer. The sole basis to attack the domino effect of the discovery of the handgun in the Defendant's possession was to attack the validity of the stop by the officer which is what the Defendant's attorney did.

**C.  Evidentiary Hearing:**

A petitioner is entitled to an evidentiary hearing on a habeas motion unless " 'the motion and the files and the records of the case conclusively show that [he] is entitled to no relief.' " *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 835-36 (8th Cir.2005) (alteration in original) (quoting 28 U.S.C. § 2255). No hearing is required "where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Watson v. United States*, 493 F.3d 960, 963 (8th Cir.2007) (internal quotation omitted).  *Anjulo-Lopez v. U.S.* 541 F.3d 814, 817 (C.A.8 (Mo.),2008).

As stated above, the facts in this case conclusively show the Defendant is not entitled to relief.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 be **DISMISSED with PREJUDICE**.

The Defendant also filed a Motion for Summary Judgment (ECF No. 42) on December 12, 2014 which is I recommend be **DENIED** for the reasons stated above.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED  March 5, 2015.

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE